O’Neall J.
delivered the opinion of the Court-
I think the motion to set aside the non-suit must fail. The words charged as libellous were uttered unquestionably in a judicial proceeding; they constitute the necessary information for the obtaining a search warrant for stolen goods. The warrant was issued upon it, executed and returned to the Magistrate. Upon its return it was his duty, if upon examination a felony had been committed, and there was reason to believe that the party in possession was the felon, to bail or commit him for trial, according to the nature of the case. If however, no felony was committed, or there was no reason to believe the party in possession to be the felon, the Magistrate might discharge him.
The information is part of the proceeding, and cannot be considered as a libellous publication. If it was, every information made for the apprehension of a felon, would subject the prosecutor to an indictment for a libel, in which not even the truth could be given in evidence in justification.
In the civil action for a libel, the defendant would be *199 subject to great disadvantage; the truth of the charge would be his only complete justification. Probable cause would be only in mitigation.
It is necessary to preserve the distinct boundaries between actions. The action for slander is a species of the action on the case, differing in form, rules of evidence and pleading, from the actions on the case for malicious prosecution, malicious arrest, or maliciously suing out a search warrant. The latter is the only remedy to which the plaintiff could have resorted for a redress of the civil injury which he alledges he has sustained. If it be true that the defendant without any reasonable or probable cause sued out the search .warrant, I entertain no doubt that he might in a proper action be made responsible for it. But to permit the plaintiff to proceed in this, is confounding the forms of action, or depriving the defendant of the protection which the law affords to him as prosecutor. The case of Heyward v. Cuthbert 4 M’C. 354, was for a malicious prosecution on an information on which no proceedings had been had, and it was held that the action would not lie. For aught that appeared in that case, that was a mere voluntary affidavit charging a felony, and in such a case there could be no doubt that slander, not malicious prosecution, was the proper remedy. The case of Milom v. Burnsides, 1 N. & M’C. 426, turned mainly upon the questions whether the proceedings were regular, and whether the Court to which the charges were preferred, had jurisdiction of the cause; and it was held that they were irregular and that the Court had not jurisdiction. This therefore was held very properly to deprive the defendants of the justification, that the words were uttered in a course of justice. In the dictum of that case, “If these proceedings had been regular, yet if the charges were false and malicious, they should not shelter themselves under a plea, that it was a matter altogether of military cognizance, but that they were liable to answer for it in damages before a civil tribunal,” I fully concur. But I should not have held the *200 defendants responsible in an action for the slander, but in an action for maliciously and without any reasonable cause prefering charges against an officer.

The motion to set aside the non-suit is dismissed.

Johnson & Harper, Js. concurred.